### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY V. SKIBA, TRUSTEE ) | |
| ) | |
| Appellant, ) | |
| ) | |
| ) | Civil Action No. 05-261 Erie |
| ) | |
| ) | Bankruptcy No. 05-11208 |
| ) | |
| v. ) | |
| ) | |
| LISA N. AUMAN, ) | |
| ) | |
| Appellees. ) | |

### **MEMORANDUM OPINION**

McLAUGHLIN, SEAN J.

  This is an appeal by trustee Gary V. Skiba ("Trustee") from the Bankruptcy Court's Order dated July 28, 2005. The underlying proceeding was commenced on April 14, 2005, when debtor Lisa N. Auman filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the Bankruptcy Court for the Western District of Pennsylvania. The debtor, a single mother in her mid-thirties, petitioned for bankruptcy following an onset of Myasthenia Gravis, a progressive, incurable disease that has left her confined to a wheelchair. Auman has continued to work part-time and, due to the generosity of her employer, she is still receiving full-time compensation. There is no suggestion in the record that Auman is legally disabled or has filed for disability benefits.

  Upon reviewing the debtors' schedules, the Trustee learned that Auman had an individual retirement account ("IRA"), rolled over from a 401(k) plan, with a value of $20,823.58. In Schedule C, Auman claimed that the retirement plan was excluded from the estate under section 541(c)(2) of the Bankruptcy Code and/or exempt under 11 U.S.C. § 522(d)(10)(E). On June 24, 2005, the trustee objected to both the exclusion and the claim for exemption. On July 28, 2005, the Bankruptcy Judge dismissed the trustee's objections without comment or opinion. We have appellate jurisdiction over the Bankruptcy Court's final order pursuant to 28 U.S.C. § 158(a). For the reasons set forth below, we reverse the Bankruptcy Court's ruling and remand for further proceedings.

## I. STANDARD OF REVIEW

A district court's appellate review of a bankruptcy court's decision is two-fold. The bankruptcy court's findings of fact shall not be set aside unless clearly erroneous. Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc., 57 F.3d 1215, 1223 (3rd Cir. 1995). The bankruptcy court's legal conclusions, however, are subject to plenary review. Id. As there are no factual issues in dispute, our review in this instance is plenary.

## II. DISCUSSION

As a preliminary matter, we note that, although the issue was argued before the Bankruptcy Judge, the debtor, in her appellate brief, concedes that "[t]he debtor's individual retirement account is not excluded from the property of the estate under Bankruptcy Code § 541(c)(2)." (See Brief for the Appellee, p. 2). Thus, the only remaining issue on appeal is whether the individual retirement account is exempted under § 522(d)(10)(E).

Section 522(d) of the bankruptcy code provides debtors with an exemption for certain assets that become part of the bankruptcy estate pursuant to § 541(c)(2). Subsection (10)(E) provides an exemption for the debtor's right to receive "a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Thus, a debtor's right to receive payments under an IRA must meet three requirements to be exempted under this provision:

> (1) the right to receive payments must be from "a stock bonus, pension, profitsharing, annuity, or similar plan or contract"; (2) the right to receive payment must be "on account of illness, disability, death, age, or length of service"; and (3) even then, the right to receive payment may be exempted only "to the extent" that it is reasonably necessary to support" the accountholder or his dependents."

Rousey v. Jacoway, __ U.S. __, 125 S.Ct. 1561, 1566 (2005)

Here, it is undisputed that Auman's IRA is a "payment under . . . a similar plan or contract" and that the right to receive that payment must be "on account of illness, disability, death, age, or length of service . . .". See Id. The trustee argues, however, that Auman cannot demonstrate that

her right to receive payments from the IRA is "reasonably necessary for the support of the debtor" because she is not *presently* entitled to receive those payments.

In <u>Clark v. O'Neill (In re Clark)</u>, 711 F.2d 21 (3rd Cir. 1983), the Third Circuit addressed a debtor's claim that a Keogh pension plan was reasonably necessary to support the debtor. The debtor, a 43 year old family therapist, sought to exempt a retirement plan that prohibited withdrawals until the debtor had attained the age of 59 ½ and imposed a 10% penalty on attempts to withdraw funds early. The Third Circuit held that the debtor could not demonstrate that a pension is "reasonably necessary for . . . support" when the debtor was not receiving payments from that pension when the petition was filed:

> The general purpose of the exemption provisions of the Bankruptcy Code is to give debtors a fresh start.
> \* \* \* \* \* \* \* \*
> The exemption of present . . . payments, to the extent they are necessary for the support of the debtor, is consistent with this goal. The exemption of *future* payments, however, demonstrates a concern for the debtor's long-term security which is absent from the statute.

Id. at 23 (emphasis in original). Subsequent decisions have clarified that the critical inquiry regarding exemption of IRAs under § 522(d)(10)(E) is whether "the debtor is presently entitled to receive said payments" on account of age or disability. <u>In re Gralka</u>, 204 B.R. 184, 189 (Bankr. W.D.Pa. 1997) ("[T]he pertinent inquiry is not whether the debtor is presently receiving payments from a retirement plan or contract but (a) whether the debtor is presently entitled to receive said payments, and (b) with respect to an IRA in particular, whether such right to payment presently exists because the debtor has either reached age 59 1/2, died, or become disabled, thereby permitting the debtor to avoid imposition of the ten percent tax penalty.") (citing <u>Velis v. Kardanis</u>, 949 F.2d 78, 82 (3rd Cir. 1991)); <u>In re Brewer</u>, 154 B.R. 209, 213 (Bankr. W.D.Pa. 1993).

Courts within the jurisdiction of the Third Circuit have uniformly followed <u>Clark</u>. <u>See</u>, <u>e.g.</u>, <u>Gralka</u>, 204 B.R. 184 ("Unfortunately for the debtors, they do not presently possess the right to receive payments from their IRAs on account of either having reached 59 ½, death, or disability. Therefore this court must DENY their claimed exemption . . . on the basis that, pursuant to existing Third Circuit precedent, they are not presently entitled to receive payment therefrom."); <u>Brewer</u>, 154 B.R. 209. In <u>Brewer</u>, the court noted:

3

> The Third Circuit has held that payments under a Keogh plan are exemptible pursuant to § 522(d)(10)(E) only if the debtor has a present right to receive payments. A future right to receive such payments is not so exemptible. See In re Clark, 711 F.2d 21, 23 (3d Cir.1983).
>
> Some courts outside of this circuit have been critical of In re Clark and have declined to follow it. See In re Cilek, 115 B.R. 974, 978-79 (Bankr.W.D.Wis.1990). This court, however, is constrained to adhere to the holding of In re Clark where it is applicable.
>
> It is immaterial that this debtor seeks to exempt an IRA, as opposed to a Keogh plan. The rationale of In re Clark applies with equal force to an IRA where, as here, the debtor has no present right to receive payments but has only a future right to receive them.

Brewer, 154 B.R. at 213. It is undisputed that Auman has not demonstrated a right to receive payment from the IRA based upon any of the relevant statutory factors - age, illness, or disability - and, therefore, does not possess a present right to payments from her IRA. Thus, so long as Clark remains good law, we cannot exempt the IRA under § 522(d)(10)(E).

In this regard, Auman argues that Clark's holding relative to the requirement of a "present entitlement" to benefits has been overruled by the United States Supreme Court's holding in Rousey, 125 S.Ct. 1561. In Rousey, the bankruptcy petitioners, both of whom had reached retirement age, sought to shield portions of their IRA from their creditors by exempting them under § 522(d)(10)(E). The trustee objected, arguing that payments from an IRA are neither "on account of" an account holders age nor similar to a stock bonus, pension, profit sharing or annuity plan, thus failing to satisfy the first and second requirements of the statutory provision.. The Supreme Court disagreed, holding that the penalty imposed upon withdrawals from an IRA taken before age 59½ is a sufficiently effective barrier to access so as to make the right to receive the payment "on account of" the IRA holder's age and that an IRA is similar enough to a stock bonus, pension, profit sharing or annuity plan to qualify under the first requirement. Id. at 1567.

We conclude, however, that Clark remains good law in the wake of Rousey. Significantly, Rousey did not address the third requirement of § 522(d)(10)(E), that the payments be reasonably necessary for the support of the debtors, much less the Third Circuit's gloss on that requirement that there be a "present entitlement" to those benefits. Indeed, the issue was never presented, as the debtors in Rousey "ha[d] reached retirement age, and the Eighth Circuit [in the underlying case] did

not doubt that their IRAs are necessary to their support." See Brief for the Petitioners at 12, Rousey, 125 S.Ct. 1561, 2004 WL 1900505 at *7.  Moreover, at least two bankruptcy courts in this district have considered this question and concluded that Clark remains binding.  In Walsh v. Benson (In re Benson), Bankr. No. 03-34318 BM (Bankr. W.D.Pa. June 3, 2005), the court discussed the import of Clark and the impact of Rousey:

> Although [Clark] has been criticized by numerous courts outside of the Third Circuit, it is binding law in this circuit that an exemption taken in accordance with § 522(d)(10)(E) of the Bankruptcy Code is allowable only if the debtor was *presently* receiving payments when the bankruptcy petition was filed.  The general purpose of the exemption provisions set forth in the Bankruptcy Code is to provide a debtor with a "fresh start."  Exemption of present payments is consistent with this purpose. Clark v. O'Neill (In re Clark), 711 F.2d 21, 23 (3rd Cir. 1983).  The same is not, however, true of future payments.  Exemptions of future payments demonstrates a concern for a debtor's long-term security, a concern which is absent from § 522(d) of the Bankruptcy Code. Id., 711 F.2d at 23.
>
> Rousey does not in our estimation undermine or nullify the holding of In re Clark.  The issue decided in In re Clark was not at issue and was not addressed in Rousey.

Slip opinion at 13-14.  Similarly, in In re Reutzel, Bankr. No. 04-10092-WWB (Bankr. W.D.Pa. August 30, 2005), Bankruptcy Judge Bentz expressly adopted the opinion and reasoning of Benson in holding that a debtor could not utilize § 522(d)(10)(E) to exempt an IRA when he was not presently receiving payments.[1]

Auman's final argument is that, even if she does not have a right to present payments from the IRA account, her financial need is such that she intends to pay the penalty for early withdrawals and access the money immediately.  Auman contends that by withdrawing the balance of the IRA

---

[1] The trustee's brief contains a reference to Makoroff v. Booth (In re Booth), 2005 WL 2562650 (Bankr. W.D.Pa. 2005), where the court stated in dicta that "[a]lthough the Supreme Court did not specifically reject (or even consider . . . [the Clark court's] interpretation of § 522(d)(10)(E) in Rousey v. Jacoway, its opinion [in Rousey] leaves no room for th[e] interpretation [in Clark]." Id. at *2. The bankruptcy court did not support or explain that statement.  Given that the debtor in Makoroff had attained the age of 60 years old, the IRA at issue would have been exemptible regardless of Clark's vitality.

5

for present use, functionally treating it as a savings account, she can circumvent the Clark court's holding that a right to future payments cannot be exempted. We disagree.

Although Auman has phrased her argument in terms of "present need," she has not demonstrated how a lump-sum withdrawal from her IRA account, accompanied by the payment of the tax penalty, would fit within the statutory exemption of § 522(d)(10)(E). The statute requires that a payment be "on account of illness, disability, death, age, or length of service" in order for the exemption to apply. An early, lump-sum withdrawal of funds from an IRA account does not require an account holder to demonstrate any of these conditions; rather, such a withdrawal can be done at any time, for any purpose, provided the account holder is willing to pay the substantial penalty. Otherwise stated, a claim of "present need" is not synonymous with "present entitlement" under the statutory scheme.[2]

### III. Conclusion

For the reasons state above, we conclude that the bankruptcy court failed to correctly apply the appropriate law to the facts of this case. Accordingly, the bankruptcy court's decision is **REVERSED** and this case is **REMANDED** for entry of an order consistent with this opinion.

An appropriate Order follows.

---

[2] Indeed, if Auman qualified for the benefits under any of the conditions such as illness or disability, she could simply have applied to receive present payments from the IRA in the fashion envisioned by the statute.

| | |
|---|---|
| GARY V. SKIBA, TRUSTEE ) | |
| ) | |
| Appellant, ) | |
| ) | Civil Action No. 05-261 Erie |
| ) | |
| ) | Bankruptcy No. 05-11208 |
| ) | |
| v. ) | |
| ) | |
| LISA N. AUMAN, ) | |
| ) | |
| Appellees. ) | |

# **O R D E R**

AND NOW, this 3rd day of February, 2006, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS HEREBY ORDERED that the Bankruptcy Court's Order of July 28, 2005 is REVERSED and this matter is REMANDED for proceedings consistent with this opinion.

                                                                                            /s/ Sean J. McLaughlin
                                                                                            United States District Judge

cm: All counsel of record.___